UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPRIEST WILLIAMS,<br>  Petitioner,<br>  v.<br>D.K. SISTO, Warden, et al.,<br>  Respondents. | NO. CV-07-0275-RHW-JPH<br><br>REPORT AND RECOMMENDATION TO<br>DENY WRIT OF HABEAS CORPUS |

**THIS MATTER** comes before the Court on a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Petitioner, DePriest Williams, is proceeding pro se. Respondent is represented by Krista L. Pollard, Deputy Attorney General for the state of California.

**BACKGROUND**

Petitioner is incarcerated at Solano California State Prison in Vacaville, California. On August 7, 1987, Petitioner was taken into custody and sentenced to 15 years to life term after being convicted of murder in the second degree in violation of California Penal Code § 187. (ECF No. 1 at 105). Petitioner became eligible for parole on July 24, 1996 and went before the Board of Prison Terms on November 16, 2005. After that hearing, the BPT denied the Petitioner's request, finding him unsuitable for parole. Now, Petitioner challenges the November 16, 2005, decision of the Board of Prison Terms, ("BPT"), denying his request for parole. (ECF No. 1).

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 1

At the hearing on November 16, 2005, the BPT concluded that Petitioner was unsuitable for parole based on a finding that he would pose an unreasonable risk of danger to society and be a threat to public safety if released from prison. (ECF No. 1 at 105). The BPT expressed specific concern about Petitioner's lack of stable plans for the future.

The order regarding Petitioner's Writ of Habeas Corpus from the Superior Court of California for the County of Los Angeles reflects the facts underlying the commitment offense, which are as follows:

> The record reflects that on July 20, 1986, a group of young men were playing a radio in a loud manner outside of petitioner's apartment. When the young men would not respond to repeated requests to turn the volume down, petitioner's wife fired several shots into the air. Later, petitioner fired several shots into a crowd, striking one man in the foot. An altercation between this man and petitioner ensued and petitioner fired another shot, which hit the victim in the back and caused his death.

(ECF No. 1 at 105).

Petitioner does not challenge his conviction and sentence in these proceedings.

### ISSUES RAISED/DEFENSES

Petitioner challenges the BPT's determination that he was unsuitable for parole. The allegation in support of his habeas corpus petition are as follows:

1. The BPT's November 16, 2005, decision violated his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution because the decision was not supported by any evidence in the record based on relevant factors prescribed by

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 2

California Penal Code § 3041 or the Board's regulations. (ECF No. 1 at 5).

**STANDARD OF REVIEW**

Under 28 U.S.C. § 2254, it is necessary that the Petitioner has exhausted state remedies before seeking federal habeas corpus review. The Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), worked substantial changes to the law of habeas corpus establishing more deferential standards of review to be used by a federal habeas court in assessing a state court's adjudication of a criminal defendant's claims of constitutional error. Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997). In addition, under the AEDPA, a federal writ may issue, "only when a state court decision was contrary to, or involved unreasonable application of an authoritative decision of the United States Supreme Court." 28 U.S.C. § 2254(d) (West 2011); Moore, 108 F.3d 261 (9th Cir. 1997).

In the case at hand, Petitioner did exhaust all state remedies. The Superior Court of the State of California for the County of Los Angeles denied Petitioner's habeas corpus petition on August 8, 2006. (ECF No. 1 at 106). Subsequently, the Court of Appeals of the State of California, Second Appellate District, Division III denied the petition on October 3, 2006. (ECF No. 1 at 108). The California State Supreme Court denied the petition on December 13, 2006. (ECF No. 1 at 110). The Eastern District of California granted review of Petitioner's habeas corpus petition on February 12, 2007. (ECF No. 9).

The last filing in this case was on September 7, 2010. (ECF No. 17). Since then, the United States Supreme Court has rendered an opinion that overrules numerous cases that both parties have

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 3

relied on throughout the history of the case. In addition, the recent decision of the United States Supreme Court decided is on all fours with the case before the District Court presently and makes the issue at hand moot.

## DISCUSSION

Petitioner's basis for federal relief is an alleged violation of his constitutionally protected right to due process of law. The relevant California Penal Code regarding the parole process provides:

> (b) The panel or the board, sitting en banc, shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offences, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting.

Cal. Penal Code § 3041(b) (West Ann. 2011).

Not every state's parole procedures create a protected right, but rather, certain state statutes give rise to a constitutionally protected liberty interest in parole. Whether a particular state statute gives rise to a protected right requires a factual analysis. See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed. 2d 668 (1979). Additionally, the California State Supreme Court has held that when a court reviews a parole decision of the BPT or the Governor, the relevant inquiry is whether some evidence supports the decision, thus creating the "some evidence" standard of review. See In re Lawrence, 44 Cal. 4th 1181 (2008). After the Ninth Circuit analyzed the California statute, it held that California's statute does create a liberty interest protected by

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 4

the Due Process Clause of the United States Constitution. See Roberts v. Hartley, 640 F.3d 1042, 1045, No. 10-15760 (9th Cir. 2011). However, when the issue is a state created liberty interest, the federally protected aspect is that the liberty interest "requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures." Swarthout v. Cooke, ---U.S.---, 131 S.Ct. 859, 861-62, 178 L.Ed. 2d 732 (2011) (per curiam). The United States Supreme Court articulates that in the context of parole, the procedures required to ensure the standards of the Constitution are met are "minimal." Id., ---U.S.---, 131 S.Ct. at 862, 178 L.Ed. 2d 732. Those "minimal" requirements are that the inmate has an opportunity to be heard, receives information regarding in what respects he falls short of qualifying for parole because the Constitution does not require more. Greenholtz, 442 U.S. at 16, 99 S.Ct. at 2108, 60 L.Ed. 2d 668.

    The United States Supreme Court clearly states that, "no decision of ours supports converting California's "some evidence" rule into a substantive federal requirement." Swarthout, ---U.S.---, 131 S.Ct. at 862, 178 L.Ed. 2d 732. In the same way, "a state's misapplication of its own laws does not provide a basis for granting a federal writ of habeas corpus." Roberts, 640 F.3d at 1046, No. 10-15760 (9th Cir. 2011) referencing 28 U.S.C. § 2254(a) (West 2011). Furthermore, "the short of the matter is that the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Swarthout, ---U.S.---, 131 S.Ct. at 863, 178

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 5

L.Ed. 2d 732. Consequently, "when the only federal issue is procedural, the relevant inquiry is what process the inmate received, not whether the state court decided the case correctly." Id., ---U.S.---, 131 S.Ct. at 862, 178 L.Ed. 2d 732. The Ninth Circuit has acknowledged that, "prior Ninth Circuit precedent required review of the propriety of a California state court's 'some evidence' determination, but Swarthout v. Cooke overruled that precedent." Roberts, 640 F.3d at 1046, No. 10-15760 (9th Cir. 2011) citing Pearson v. Muntz, 625 F.3d at 550[sic] 639 F.3d 1185; Swarthout, ---U.S.---, 131 S.Ct. at 862, 178 L.Ed. 2d 732.

The Ninth Circuit reiterated that, "if an inmate seeking parole receives an opportunity to be heard, notification of the reasons as to denial of parole, and access to their records in advance," and where the inmate does not question whether those procedures were followed, "the inquiry is at its end." Pearson v. Muntz, 639 F.3d 1185, 1191, 11 Cal. Daily Op. Serv. 4058, 2011 Daily Journal D.A.R. 4928 (9th Cir. 2011).

In the case at hand, Petitioner Williams argues that the BPT's November 16, 2005, decision violated his right to due process under the Fifth and Fourteenth Amendments because it was not supported by any evidence in the record based on relevant factors prescribed by California Penal Code § 3041 or the Board's regulations. (ECF No. 1 at 5). But the Petitioner does not allege that certain procedures were not followed. In fact, the process afforded to Petitioner included an opportunity to be heard (ECF No. 5-1 at 9). As well, he was provided with a statement of the reasons why he was denied parole. (ECF No. 5-1 at 71). The United States Supreme Court has held that a prisoner's right to due

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 6

process is not violated when the prisoner is allowed an opportunity to be heard and provided with a statement of the reasons why parole is denied. See Swarthout, ---U.S.---, 131 S.Ct. 859, 178 L.Ed. 2d 732; Greenholtz, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed. 2d 668.

Therefore, Petitioner's Fifth and Fourteenth Amendment rights were not violated because he had the opportunity to be heard and was provided with a statement of why parole was denied. Moreover, Petitioner's only ground for a federal writ is procedural, and thus, the Ninth Circuit's inquiry "is at its end." See Pearson, 639 F.3d 1185, 11 Cal. Daily Op. Serv. 4058, 2011 Daily Journal D.A.R. 4928 (9th Cir. 2011).

**IT IS RECOMMENDED**, for the reasons stated, that the Petition be **DENIED**.

### OBJECTIONS

Any party may object to the magistrate judge's proposed findings, recommendations or report within fourteen (14) days following service with a copy thereof. Such party shall file with the Clerk of the Court all written objections, specifically identifying the portions to which objection is being made, and the basis therefor. Attention is directed to Fed. R. Civ. P. 6(e), which adds another three (3) days from the date of mailing if service is by mail. A district judge will make a de novo determination of those portions to which objection ids made and may accept, reject, or modify the magistrate judge's determination. The district judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The district judge

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 7

may also receive further evidence or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636 (b)(1)(C) and Fed. R. Civ. P. 73. A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

   The District Court Executive **SHALL FILE** this report and recommendation and serve copies of it on the referring judge and the parties.

   **DATED** this 12 day of July, 2011.


                              s/James P. Hutton
                              JAMES P. HUTTON
                       UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO DENY HABEAS CORPUS PETITION - 8